Glenn R. Kantor - SBN 122643
  E-mail: gkantor@kantorlaw.net
Corinne Chandler – SBN 111423
  E-mail: cchandler@kantorlaw.net
Andrew M. Kantor – SBN 303093
  E-mail: akantor@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, CA 91324
Telephone:  (818) 886-2525
Facsimile:  (818) 350-6272

Attorneys for Plaintiff,
Stacy Griffin

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| STACY GRIFFIN,<br><br>　　　Plaintiff,<br><br>　vs.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA,<br><br>　　　Defendant. | CASE NO.<br><br>BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974; ENFORCEMENT AND CLARIFICATION OF RIGHTS; PREJUDGMENT AND POSTJUDGMENT INTEREST; AND ATTORNEYS' FEES AND COSTS |
|---|---|

　　　Plaintiff, Stacy Griffin, herein sets forth the allegations of her Complaint against Defendant UNUM Life Insurance Company of America.

## PRELIMINARY ALLEGATIONS

　　　1.　　"Jurisdiction" – This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question. This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, enforcing Plaintiff's rights under the terms of an

employee benefit plan, and to clarify Plaintiff's rights to future benefits under the employee benefit plan named as a Defendant. Plaintiff seeks relief, including but not limited to, payment of the correct amount of benefits due her under the plan, prejudgment and post-judgment interest, reinstatement to the benefit plan at issue herein, and attorneys' fees and costs.

2. Plaintiff was at all times relevant, an employee of Apollo Management and was a resident in the County of Los Angeles, State of California.

3. Plaintiff is informed and believes that Defendant UNUM Life Insurance Company of America ("UNUM") is a corporation with its principal place of business in the State of Maine, authorized to transact and transacting business in the Central District of California and can be found in the Central District of California. UNUM is the insurer of benefits under the Apollo Management Holdings, LLP Long Term Disability Plan (hereinafter "LTD Plan"), Policy Number 582140, and acted in the capacity of the plan insurer and plan claims administrator. Policy Number 582140 was issued to Apollo Management Holdings, LLP ("Apollo Management"), in the County of Los Angeles and provides that it is governed by the laws of California.

4. Plaintiff is informed and believes that Defendant LTD Plan is an employee welfare benefit plan regulated by ERISA, established by Apollo Management Holdings, LLP, under which Plaintiff is and was a participant, and pursuant to which Plaintiff is entitled to Long Term Disability ("LTD") benefits. Pursuant to the terms and conditions of the LTD Plan, Plaintiff is entitled to LTD benefits for the duration of Plaintiff's disability, for so long as Plaintiff remains disabled as required under the terms of the LTD Plan.

5. Defendant can be found in this judicial district and defendant administered the LTD Plan in this judicial district. Thus, venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2).

**FIRST CLAIM FOR RELIEF**
**AGAINST UNUM LIFE INSURANCE COMPANY OF AMERICA FOR PLAN BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST, AND ATTORNEYS' FEES AND COSTS**
**(29 U.S.C. § 1132(a)(1)(B))**

6. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

7. At all times relevant, Plaintiff was employed by Apollo Management and was a covered participant under the terms and conditions of the LTD Plan.

8. During the course of Plaintiff's employment, in 2010, Plaintiff became entitled to benefits under the terms and conditions of the LTD Plan. Specifically, while Plaintiff was covered under the LTD Plan, Plaintiff suffered a disability rendering Plaintiff disabled as defined under the terms of the LTD Plan.

9. Pursuant to the terms of the LTD Plan, Plaintiff made a claim to UNUM for LTD benefits under the LTD Plan. UNUM assigned Plaintiff claim number **5794487**. UNUM approved Plaintiff's claim in 2010 based on her having a physical disability, until February 28, 2015, at which time it terminated her benefits, improperly retroactively claiming that her disability for the period February 28, 2013 through February 28, 2015, was predicated on a mental and nervous condition, and that she was no longer totally disabled under the terms of the LTD. Plaintiff timely appealed UNUM's denial, exhausting her administrative remedies.

10. Thereafter, UNUM notified Plaintiff that it was denying her appeal.

11. Defendant UNUM breached the Plan and violated ERISA in the following respects:

    a. Failing to pay the full and proper amount of LTD benefits to Plaintiff at a time when UNUM knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the LTD

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

      Plan, as Plaintiff was disabled and unable to work and, therefore, entitled to the disputed benefits;

  b.  Improperly retroactively reclassifying Plaintiff's claim as a mental or nervous condition in order to limit her benefits.

  c.  Failing to provide a prompt and reasonable explanation of the basis relied on under the terms of the LTD Plan documents, in relation to the applicable facts and LTD Plan provisions, for the denial of Plaintiff's claims for LTD benefits;

  d.  After Plaintiff's claim was denied in whole or in part, UNUM failed to adequately describe to Plaintiff any additional material or information necessary for Plaintiff to perfect Plaintiff's claim along with an explanation of why such material is or was necessary; and

  e.  Failing to properly and adequately investigate the merits of Plaintiff's disability claim and failing to provide a full and fair review of Plaintiff's claim.

12. Plaintiff is informed and believes and thereon alleges that Defendant wrongfully denied her disability benefits under the LTD Plan by other acts or omissions of which Plaintiff is presently unaware, but which may be discovered in this future litigation and which Plaintiff will immediately make Defendant aware of once said acts or omissions are discovered by Plaintiff.

15. Following the denial of benefits under the LTD Plan, Plaintiff exhausted all administrative remedies required under ERISA, and Plaintiff has performed all duties and obligations on Plaintiff's part to be performed under the LTD Plan.

16. As a proximate result of the aforementioned wrongful conduct of UNUM, Plaintiff has damages for loss of disability benefits in a total sum to be shown at the time of trial.

17.     As a further direct and proximate result of this improper determination regarding Plaintiff's LTD claim, Plaintiff, in pursuing this action, has been required to incur attorneys' fees and costs. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendant.

18.     The wrongful conduct of UNUM has created uncertainty where none should exist, therefore, Plaintiff is entitled to enforce her rights under the terms of the LTD Plan and to clarify her right to future benefits under the terms of the LTD Plan.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff prays for relief against Defendant as follows:

1.     Payment of disability benefits due Plaintiff;

2.     An order declaring that Plaintiff is entitled to an award of LTD benefits, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3.     In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4.     Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5.     Payment of prejudgment and post-judgment interest as allowed for under ERISA; and

6.     Such other and further relief as this Court deems just and proper.

DATED: May 30, 2017                KANTOR & KANTOR, LLP

By     */s/Glenn Kantor*
       Glenn Kantor
       Attorney for Plaintiff
       Stacy Griffin